# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL D. CLARK | CIVIL ACTION |
| VERSUS | NO. 09-7364 |
| OFFICER ABC, ET AL. | SECTION: "I"(1) |

## ORDER AND REASONS

On June 24, 2010, defendant was ordered to show cause in writing as to why this case should not be remanded to state court. Rec. Doc. 22. Defendant has filed a response to that Order, Rec. Doc. 24; however, that response fails to show that this Court has subject matter jurisdiction in this case or that any legal basis exists to avoid remand.

As the Court noted in its prior order, a federal court "may consider subject matter [jurisdiction] *sua sponte*, as subject-matter delineations must be policed by the courts on their own initiative." Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007) (internal quotation marks omitted). "[S]ubject matter jurisdiction cannot be conferred by consent, agreement, or other conduct of the parties." Id. at 284 (internal quotation marks omitted). In actions removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Wisconson Department of Corrections v. Schacht, 524 U.S. 381, 392 (1998) ("For [removals that

are defective due to the lack of subject matter jurisdiction], remand may take place without ... a motion and at any time.").

A federal court "must refer to the allegations in the plaintiff's state court pleadings to determine if removal is proper." Keating v. Shell Chemical Co., 610 F.2d 328, 331 (5th Cir. 1980). In the notice of removal, the defendant alleges that this Court has jurisdiction because plaintiff asserted federal claims in his state court petition. However, the petition does not support that contention, in that it expressly asserts only state law claims.

In defendant's response to the Order to Show Cause, he does not contend that plaintiff has in fact expressly asserted federal claims, but defendant instead argues that the allegations in the petition could also conceivably support claims under 42 U.S.C. § 1983. While that is true, it is also of no moment. The Federal Rules of Civil Procedure govern the sufficiency of a complaint in a removed case, and this Court has no duty to create a claim not spelled out in that complaint. Genella v. Renaissance Media, 115 Fed. App'x 650, 652 (5th Cir. 2004). Rather, the United States Fifth Circuit Court of Appeals has explained:

> [A] plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available. Under this "well-pleaded complaint" rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.

Bernhard v. Whitney National Bank, 523 F.3d 546, 551 (5th Cir. 2008). Simply put, a defendant may not remove a case to federal court because the plaintiff *could have, but did not, assert a § 1983*

*claim.* See Quinn v. Guerrero, No. 4:09CV166, 2009 WL 5166223, at *3 (E.D. Tex. Dec. 22, 2009).[1]

Because a plaintiff is master of his complaint, and because this plaintiff has asserted only state law claims to date, no basis for federal subject matter jurisdiction currently exists.

Accordingly,

**IT IS ORDERED** that this matter is hereby **REMANDED** to the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

In light of that Order, **IT IS FURTHER ORDERED** that defendant's motions for sanctions, Rec. Doc. 23, is **DENIED AS MOOT**.

New Orleans, Louisiana, this twenty-sixth day of July, 2010.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant argues that plaintiff has not *expressly disclaimed* any assertions of violations of federal law. However, there is no requirement that a plaintiff identify in his pleading *every claim he is not asserting*, and such a requirement would be both ludicrous and impossible.